IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BENNIE BUTLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-189 (WLS) |
| | : | |
| BELLSOUTH TELECOMMUNICATIONS, LLC, and COMMUNICATIONS WORKERS OF AMERICA LOCAL 3201, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Before the Court are Bellsouth Telecommunications' and Communication Workers of America Local 3201's motions to dismiss. For the reasons that follow, the motions are **GRANTED**.

**PROCEDURAL and RELEVANT FACTUAL BACKGROUND**

Plaintiff Bennie Butler is a former machine operator for Defendant Bellsouth Communications, LLC (Bellsouth). Following his termination from Bellsouth in January 2009, Butler brought suit against Bellsouth and his union, the Communication Workers of America Local 3201, for race discrimination, breach of contract, and conspiracy.

The instant case, filed December 11, 2012, is not Butler's first lawsuit arising from his employment with Bellsouth. Prior to this lawsuit, Butler filed suit September 27, 2011, alleging claims of race and age discrimination under Title VII and the Age Discrimination in Employment Act against Bellsouth and against the Union for breach of duty of fair representation. The Court granted Bellsouth's motion to dismiss for

1

failure to exhaust administrative remedies, and judgment was entered in favor of the defendants. Specifically, on September 27, 2012, the order "dismissed without prejudice" Butler's claims against Bellsouth, finding the Butler had failed to show he filed a timely charge of discrimination to the EEOC.

Butler refiled suit December 11, 2012, this time raising claims of race discrimination under 42 U.S.C. § 1981, breach of contract under Georgia law, and conspiracy under 42 U.S.C. § 1985(3). Two motions to dismiss followed.

Bellsouth moved to dismiss the Complaint on the ground that Butler's claims are barred by res judicata because he could have brought his current claims in the previous lawsuit. Butler counters that the Court's previous rulings were not adjudications on the merits. Bellsouth also argues that Butler fails to state a § 1985 claim and that his state-law claims are preempted by federal law.

The Union also moved to dismiss, arguing that service was untimely, the §§ 1981 and 1985 claims are barred by the statute of limitations, and the Labor Management Relations Act preempts the breach of contract claim. Butler has not responded to the Union's motion to dismiss.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A Motion to Dismiss a Plaintiff's complaint under Rule 12(b)(6) should not be granted unless the Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must

'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005*)), abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint.

**II.     Analysis**

   **a.  Statute of Limitations under §§ 1981, 1985**

In Georgia, a two-year statute of limitations applies to claims brought under sections 1981 and 1985. *Williams v. City of Atlanta*, 794 F.2d 624, 625–26 (11th Cir. 1986). As the Union points out, Butler's complaint identifies the latest operative event (his termination) as January 3, 2009. Butler first filed suit more than two years later, on September 27, 2011, and filed the instant suit December 11, 2012. Thus, even if the section 1981 and 1985 claims related back to the first complaint, they would still be untimely.

Butler has not responded to the Union's motion to dismiss, so the Court is unaware of any hatch through which he can escape the applicable statute of limitations. Having not responded, Butler has not met the burden of establishing equitable tolling. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Although a court may equitably toll a limitations period, the plaintiffs must establish that tolling is warranted."). Likewise, a § 1981 claim is not tolled by exhausting administrative remedies under Title VII or the ADEA. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465–66 (1975) (holding that pursuit of administrative remedies under Title VII did not toll statute of limitations for § 1981 claim).

Thus, Butler's section 1981 and 1985 claims are untimely and must be dismissed.

**B. Preemption.**

Section 301 of the Labor Management Relations Act preempts state law claims that depend "upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988); 29 U.S.C. § 185(a). The Eleventh Circuit has held that the LMRA preempts Georgia breach of contract claims like the one here. *See Bartholomew v. AGL Resources, Inc.*, 361 F.3d 1333, 1338–39 (11th Cir. 2004); *see also Davis v. Texprint (GA), Inc.*, 774 F. Supp. 638 (M.D. Ga. 1991).

Because Butler's state law claim depends on the content of the collective bargaining agreement, that claim must be dismissed. Butler did not respond to this issue in either of the motions, so he has not offered any rationale to hold otherwise.

## CONCLUSION

Bellsouth's Motion is **GRANTED in part** and **DENIED in part**. Because the Court finds the §§1981, 1985 claims untimely, it need not address the assertion of res judicata, so that ground is denied without prejudice. The Union's motion is **GRANTED**.

4

For those reasons, Butler's Complaint is **DISMISSED**. Judgment shall be entered in favor of defendants.

    **SO ORDERED**, this   19th  day of November, 2013.

                                          /s/ W. Louis Sands
                                          **W. LOUIS SANDS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**